**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WITTE WOLK BV,**

    **Plaintiff,**

v.                                                                           **Case No.  8:12-cv-2868-T-30AEP**

**LEAD BY SALES, LLC, a Florida limited**
**liability company doing business as White**
**Cloud Cigarettes,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Limited Motion to Reopen Discovery to Allow Rebuttal Report (Dkt. 96) and Plaintiff's Response in Opposition (Dkt. 101).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted under the specific parameters explained herein.

## DISCUSSION

Plaintiff Witte Wolk BV brought the instant action against Defendant Lead by Sales, LLC, d/b/a White Cloud Cigarettes ("White Cloud").  The action centers on a supply agreement entered into between the parties that covered Witte Wolk's purchase (as buyer) of White Cloud's e-cigarettes (as supplier) for the purpose of the e-cigarettes importation and sale within the European Union ("EU").  Witte Wolk alleges four causes of action: breach

of supply agreement (Count I); violations of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count II); fraud in the inducement (Count III); and negligent misrepresentation (Count IV). Witte Wolk claims, in relevant part, that White Cloud's electronic cigarettes did not comply with applicable EU regulations because of the presence of unacceptably high concentrations of lead.

This case is scheduled for an August 2014 bench trial. White Cloud requests that the Court reopen discovery to allow White Cloud to test the Product's Plating, a component of the Product that Witte Wolk introduced into this litigation through a March 2014 expert report and April 2014 deposition testimony. Specifically, White Cloud states that after Witte Wolk's test results reflected acceptable amounts of lead, Witte Wolk, in March 2014, sent samples of the Product to IMR Test Labs ("IMR") for additional testing. IMR did not test the Product Components. IMR tested the plating on the Threaded Adapter to arrive at the conclusion that the Threaded Adapter's plating ("Product Plaitng") did not conform to applicable EU Directives for lead content. According to White Cloud, this is a completely new opinion that necessitates a rebuttal. White Cloud requests that Witte Wolk provide it with additional Product samples, so that White Cloud's expert can provide a rebuttal expert report regarding an analysis of the Product's Plating.

Witte Wolk opposes White Cloud's motion. Witte Wolk argues that White Cloud waited two months after receiving the test results on March 17, 2014, to file the instant motion. And that White Cloud "created its own prejudice with its unexplained delay, by not

seeking to re-test the Product's plating" after receipt of the March 17 rest results. Witte Wolk argues that it will be severely prejudiced if the August 2014 bench trial is continued because Witte Wolk's sole English-speaking representative, who possesses the personal knowledge to support its claims, is now a full-time student and begins advanced university course-work in Europe in September 2014. Witte Wolk also points out that its counsel will be away on his honeymoon in June, and will be away for part of July. Finally, Witte Wolk argues that if the Court permits limited discovery on the Product's plating, the testing performed by White Cloud's expert should utilize the same testing technique used by IMR; otherwise, the experts will not be making "apple to apple" comparisons.

The Court concludes that White Cloud may provide a rebuttal expert report with respect to the IMR testing under the following specific parameters. First, Witte Wolk shall provide White Cloud with additional Product Samples within seven (7) days of this Order (if not sooner). White Cloud may use these Product Samples to provide a rebuttal expert report with respect to the IMR testing. The rebuttal expert report shall be provided to Witte Wolk by June 27, 2014 (if not sooner). Although Witte Wolk argues that the testing technique by White Cloud's expert should be the same technique that IMR employed, the Court sees no reason why the Court should control the method of testing. Any comparison that is not "apple to apple" would be the subject of cross-examination at trial. White Cloud

shall also produce its expert for deposition during the month of July 2014, at a time that is convenient for both parties.[1]

Any additional disputes regarding scheduling may be raised at the July 8, 2014 pretrial conference.

It is therefore ORDERED AND ADJUDGED that Defendant's Limited Motion to Reopen Discovery to Allow Rebuttal Report (Dkt. 96) is granted to the extent set forth herein.

**DONE** and **ORDERED** in Tampa, Florida on June 4, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2868.mt-reopen-discovery.wpd

---

[1] Although Witte Wolk expresses concerns with its counsel's honeymoon and other conflicts, there are a total of three lawyers representing Witte Wolk in this case. Certainly, one of these lawyers will be available during the relevant times.