**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WITTE WOLK BV,

    Plaintiff,

v.                                      Case No: 8:12-cv-2868-T-30AEP

LEAD BY SALES, LLC,

    Defendant.

**ORDER**

THIS CAUSE came before the Court for bench trial on November 17, 2007.  Upon conclusion of oral testimony, submission of evidence, and oral arguments by the parties, the Court made the following findings of fact:

**Findings of Fact**

1.    In March 2011, Monica Toth ("Toth") contacted Defendant Lead by Sales ("White Cloud") on behalf of a German company to inquire whether White Cloud was interested in distributing its electronic cigarettes in Europe.  Over the following months, Toth and White Cloud engaged in several discussions regarding a potential business arrangement in which White Cloud would distribute electronic cigarettes to a company formed by Toth that would sell the electronic cigarettes in Europe.

2.    During these discussions, White Cloud and its representatives lead Toth to believe that its electronic cigarettes had passed certain European product testing procedures known as "CE Testing" by representing to Toth that it had "CE Certificates" for the

electronic cigarettes, while indicating that the certificates would not be provided and that Toth would need to obtain any necessary permission for marketing in Europe.

3. Toth formed Witte Wolk BV ("Witte Wolk"). The name "Witte Wolk" means "White Cloud" in Dutch. Witte Wolk and White Cloud engaged in discussions about entering into a reseller and/or distribution agreement for the import and sale of electronic cigarettes in Europe. White Cloud drafted several "supply agreement[s]" in response.

4. On September 5, 2011, Witte Wolk and White Cloud entered into a contract in which White Cloud agreed to "manufacture and sell" to Witte Wolk quantities of certain electronic cigarettes (the "Supply Agreement"). In exchange, the Supply Agreement obligated Witte Wolk to purchase certain minimum quantities of electronic cigarettes. The Supply Agreement provided Witte Wolk the exclusive rights to sell White Cloud electronic cigarettes within a territory consisting of Belgium, France, Germany, UAE, Greece, Hungary, Italy, The Netherlands and The United Kingdom (the "Territory") for an initial term of one year.

5. Pursuant to the Supply Agreement, Witte Wolk ordered a shipment of electronic cigarettes from White Cloud and paid the corresponding $52,131.54 invoice, in late September 2011. Thereafter, Witte Wolk requested information related to the CE certification for the electronic cigarettes. After several communications, on November 9, 2011, White Cloud informed Witte Wolk that the information regarding the CE certificates would not be provided because it was "proprietary". However, in early December 2011,

White Cloud provided Witte Wolk heavily redacted copies of a "CE Certificate of Conformity" and "Attestation of Conformity RoHS." The redactions made the copies useless to Toth. Witte Wolk made efforts to obtain its own CE certificates for the electronic cigarettes by submitting samples of the White Cloud electronic cigarette to an independent testing laboratory, SGS Supervise Gozetme Etud Kontrol Servisleri A.S. ("SGS") in Geneva, Switzerland. On September 18, 2012, SGS issued a report concluding that the White Cloud electronic cigarette did not comply with applicable European Union regulations.

6. The parties communicated over the course of many months, however none of the electronic cigarettes were sold by Witte Wolk due to lack of CE Certificates.

7. On October 17, 2012, Witte Wolk sent White Cloud a demand letter requesting refund for the shipment of electronic cigarettes, as well as reimbursement for other expenses.

8. The Court finds that White Cloud breached the Supply Agreement by failing to provide a complete copy of its manufacturer's CE Certificate of Conformity and Attestation of Conformity RoHS after the certificates were in its possession. *See* Supply Agreement, ¶4.2(b).

9. The Court finds that the electronic cigarettes delivered to Witte Wolk were non-conforming goods under the Supply Agreement. Therefore, White Cloud also breached the Supply Agreement by delivering goods that were not legally saleable in the European countries in the Territory defined in the Supply Agreement.

10. The Court finds that White Cloud's actions did not constitute fraud. The Court further finds that White Cloud's trade practices were not fraudulent.

11. The Court finds that the Supply Agreement obligates White Cloud to refund the purchase price of the electronic cigarettes purchased by Witte Wolk.

It is therefore ORDERED AND ADJUDGED that:

1. The Clerk is directed to enter Judgment in favor of Witte Wolk BV and against Lead by Sales, LLC in the amount of $52,131.54 plus interest of $6,212.34 from October 17, 2012, for a total of $58,343.88.

2. All remaining claims, counterclaims, crossclaims and third-party claims between the parties in this consolidated action are hereby dismissed with prejudice.

3. The Court reserves jurisdiction regarding costs.

4. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of November, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2012\12-cv-2868 final judgment.docx