# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**WITTE WOLK BV,**

    **Plaintiff,**

**v.**                                  **Case No.  8:12-cv-2868-T-30AEP**

**LEAD BY SALES, LLC,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorney's Fees

and Expenses (Dkt. 157) and Defendant's Response in Opposition (Dkt. 176).  The Court,

having reviewed the motion, response, and being otherwise advised in the premises,

concludes that the motion should be denied.

## BACKGROUND

Plaintiff Witte Wolk BV ("Witte Wolk") brought the instant action against Defendant

Lead by Sales, LLC, d/b/a White Cloud Cigarettes ("White Cloud").  The action concerned

a supply agreement entered into between the parties that covered Witte Wolk's purchase (as

buyer) of White Cloud's e-cigarettes (as supplier) for the purpose of the e-cigarettes'

importation and sale within the European Union.  The case proceeded to bench trial before

the Court.  Upon conclusion of oral testimony, submission of evidence, and oral arguments

by the parties, the Court held that White Cloud breached the supply agreement by failing to

provide a complete copy of certain certificates and by failing to deliver conforming goods pursuant to the supply agreement.  The Court directed the Clerk to enter Judgment in favor of Witte Wolk and against White Cloud in the amount of $52,131.54 plus interest of $6,212.34 from October 17, 2012, for a total of $58,343.88 and dismissed all other claims (Dkt. 154).

Witte Wolk moves for attorney's fees and expenses under Rule 37(c)(2) of the Federal Rules of Civil Procedure.

### DISCUSSION

Witte Wolk argues that it is entitled to an award of attorney's fees and expenses because White Cloud improperly denied requests for admissions.  Rule 37(c)(2) requires a court to award expenses, including attorney's fees, to a party who proved the truth of matters not admitted that were the subject of requests for admissions under Rule 36.  *See* Fed.R.Civ.P. 37(c)(2).  A failure to admit a request for admission does not always result in sanctions.  Rule 37(c)(2) provides in relevant part:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
> (B) the admission sought was of no substantial importance;
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
> (D) there was other good reason for the failure to admit.

*Id.  See also Mut. Serv. Ins. Co. v. Frit Indus., Inc.,* 358 F.3d 1312, 1326 (11th Cir. 2004);

*Perez v. Miami-Dade Cnty.,* 297 F.3d 1255, 1264 (11th Cir. 2002).

White Cloud argues that sanctions under Rule 37 are inappropriate because the requests for admissions regarded triable issues of fact, or were accurately denied.  The Court agrees; the requests for admissions involved genuine triable issues of fact, or were accurately denied.  Specifically, Requests 8 and 9 related to the products' compliance with the applicable law and requirements, which were hotly contested issues at trial involving a battle of experts.  The remaining requests dealt with documents in White Cloud's possession and were properly denied as set forth in White Cloud's response to the instant motion.  As such, White Cloud acted reasonably in denying the requests for admissions and Witte Wolk is not entitled to attorney's fees or expenses.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Attorney's Fees and Expenses (Dkt. 157) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on January 13, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2868.mt fees 157 - final.wpd