# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WITTE WOLK BV,

    Plaintiff,

v.                                               Case No: 8:12-cv-2868-T-30AEP

LEAD BY SALES, LLC,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for New Trial and Rehearing (Dkt. 166) and Defendant's Response in Opposition (Dkt. 175). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

Plaintiff Witte Wolk BV ("Witte Wolk") brought the instant action against Defendant Lead by Sales, LLC, d/b/a White Cloud Cigarettes ("White Cloud"). The action concerned a supply agreement entered into between the parties that covered Witte Wolk's purchase (as buyer) of White Cloud's e-cigarettes (as supplier) for the purpose of the e-cigarettes' importation and sale within the European Union. The case proceeded to bench trial before the Court. Upon conclusion of oral testimony, submission of evidence, and oral arguments by the parties, the Court held that White Cloud breached the supply agreement by failing to provide a complete copy of certain certificates and by failing to deliver conforming goods pursuant to the supply agreement. In its order dated November

21, 2014, the Court found that White Cloud had breached the supply agreement. (Dkt. 154). The order noted that White Cloud's actions did not constitute fraud. *Id.* The Court directed the Clerk to enter Judgment in favor of Witte Wolk and against White Cloud in the amount of $52,131.54 plus interest of $6,212.34 from October 17, 2012, for a total of $58,343.88 and dismissed all other claims.

Witte Wolk moves for a new trial and rehearing under Rule 59(a)(1)(B) of the Federal Rules of Civil Procedure. Witte Wolk argues that the Court should have entered judgment in favor of Witte Wolk on its FDUTPA claim because a FDUTPA claim does not require a finding of fraud. Witte Wolk merely focuses on the Court's use of the word "fraud" in the November 21, 2014 Final Judgment to argue that the Court applied the wrong standard to the FDUTPA claim. This motion is denied because, although the Court may have used the word fraud in the Final Judgment, the evidence presented to the Court demonstrated that White Cloud's actions and trade practices were not unfair or deceptive. Specifically, as White Cloud points out, the April 7, 2011 e-mail does not constitute an unfair or deceptive act. Accordingly, Witte Wolk's motion for a new trial and rehearing must be denied.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for New Trial and Rehearing (Dkt. 166) is DENIED.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2012\12-cv-2868 denying new trial 166.docx

2