**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WITTE WOLK BV,

    Plaintiff,

v.                                            Case No: 8:12-cv-2868-T-30AEP

LEAD BY SALES, LLC,

    Defendant.

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Tax Costs (Dkt. 159) and Defendant's Objection to Plaintiff's Motion to Tax Costs (Dkt. 182). The Court, having reviewed the motion, supporting documents, objection, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

**BACKGROUND**

Plaintiff Witte Wolk BV ("Witte Wolk") brought the instant action against Defendant Lead by Sales, LLC, d/b/a White Cloud Cigarettes ("White Cloud"). The action concerned a supply agreement entered into between the parties that covered Witte Wolk's purchase (as buyer) of White Cloud's e-cigarettes (as supplier) for the purpose of the e-cigarettes' importation and sale within the European Union. The case proceeded to bench trial before the Court. Upon conclusion of oral testimony, submission of evidence, and oral arguments by the parties, the Court held that White Cloud breached the supply

agreement by failing to provide a complete copy of certain certificates and by failing to deliver conforming goods pursuant to the supply agreement. The Court entered a final judgment in favor of Witte Wolk and against White Cloud in the amount of $52,131.54 plus interest, for a total of $58,343.88, and dismissed all other claims (Dkt. 154).

Witte Wolk moves for costs in the total amount of $25,573.75 under Rule 54(d)(1) of the Federal Rules of Civil Procedure. As set forth below, Witte Wolk's motion is granted in part and denied in part. The Court will award costs in the amount of $13,835.06.

## STANDARD FOR AWARDING COSTS

Federal Rule of Civil Procedure 54(d)(1) provides that costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Civil Procedure], or a court order provides otherwise." Under 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of title 28; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28. *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, *superseded on other*

*grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)).

The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *See Loranger v. Stierheim,* 10 F.3d 776, 784 (11th Cir. 1994).

## **DISCUSSION**

Witte Wolk seeks costs as follows: a) court filing fee in the amount of $350.00; b) service of summons/subpoenas in the amount of $148.00; c) fees for printed/recorded transcripts in the amount of $8,664.14; d) fees for printing in the amount of $2,649.52; e) witness fees in the amount of $4,234.00; f) fees for copies of exhibits and demonstrative aids in the amount of $2,599.90; and g) "other costs" in the amount of $6,928.19. (Dkt. 159). White Cloud opposes a portion of the costs as unrecoverable under section 1920. The Court will discuss each item accordingly.

### **Filing Fee**

Witte Wolk requests costs in the amount of $350.00 for the filing fee. White Cloud does not dispute this amount and it is recoverable under section 1920. Thus, the Court will allow this cost.

**Service of Process**

Witte Wolk requests costs in the amount of $148.00 for service of the summons. White Cloud objects to this cost because Witte Wolk failed to provide supporting documentation. The Court sustains White Cloud's objection in part; due to the lack of documentation, the Court will allow service costs in the amount of $55.00, the U.S. Marshals' rate associated with service of process.

**Transcript Fees**

Witte Wolk requests costs in the amount of $8,664.14 for deposition transcripts necessarily obtained for use in this action. White Cloud objects to the cost of $1,452.90 associated with the Michael Murray deposition because Witte Wolk failed to provide any documentation for this cost. This objection is sustained; the Court cannot grant costs that are entirely unsupported in the record. Accordingly, the Court will allow costs in the amount of $7,211.24 for transcript fees.

**Printing Fees**

Witte Wolk requests fees for printing/copying/reproduction in the amount of $2,649.52. Witte Wolk assessed a $0.15 per page copying charge. White Cloud objects to the copy charge because it argues that the documentation reflects that Witte Wolk was charged $0.10 per page. White Cloud's objection is overruled. Witte Wolk's motion at Appendix (2) outlines each cost associated with copies and notes a charge of $0.15 per

page. (Dkt. 159-3 at p. 1). Accordingly, the Court will allow costs in the amount of $2,649.52 for printing/copying/reproduction.

**Witness Fees**

Witte Wolk requests costs associated with witness fees for Monika Toth and Chuck Seyboldt in the total amount of $4,234.00. Specifically, Toth's witness fees associated with her attendance at trial amount to $3,268.40 and Seyboldt's fees associated with his attendance at trial amount to $965.60. White Cloud does not object to Seyboldt's fees, so they will be granted in full. White Cloud objects to any award of Toth's witness fees, arguing that Toth is a party in interest, not a witness. This objection is sustained in part.

As set forth above, witness fees are taxable as costs under section 1920(3). The amount that can be taxed is governed by 28 U.S.C. § 1821. Section 1821 permits a witness payment of $40 per day for attendance in court or at a deposition, a common carrier travel expense or a mileage allowance, a per diem subsistence allowance if an overnight stay at the place of attendance is required, and other miscellaneous expenses, such as tolls, parking fees, and taxicab fares. Costs under section 1821 should not exceed the Administrator of General Services (GSA) allowances.

Toth was Witte Wolk's corporate representative. Witte Wolk seeks costs associated with Toth's attendance at trial as follows: a witness attendance fee in the

5

amount of $200.00 for Toth's attendance at trial ($40.00 x 5 days)[1]; a car rental fee in the amount of $302.00; a subsistence fee in the amount of $186.15; airfare in the amount of $1,722.60; and hotel fees in the amount of $857.65.  The record reflects that Toth testified at trial on November 18, 2014 and November 19, 2014.  As such, on these two days, Toth was not acting solely as Witte Wolk's corporate representative, she was acting as a witness.  The Court concludes that Witte Wolk may recover Toth's witness fees associated with the two days that she testified as a witness.  *See Santana v. RCSH Operations, LLC*, 2012 WL 3779013, at *4-*5 (S.D. Fla. Aug. 31, 2012) (concluding that prevailing party was entitled to costs associated with corporate representative's attendance at trial for the days she testified as a witness).

White Cloud also argues that Toth's costs exceed the GSA allowances.  The Court agrees and will apply the GSA rates.  Accordingly, Witte Wolk is awarded $2,283.80 for Toth's witness costs as follows: a witness attendance fee in the amount of $80.00 for Toth's testimony at trial for two days; a car rental fee in the amount of $181.20 for three days; a subsistence fee in the amount of $92.00 for two days; airfare in the amount of $1,722.60[2]; and a hotel fee in the amount of $208.00 for two nights.

In sum, Witte Wolk is awarded witness fees in the total amount of $3,249.40 for Seyboldt ($965.60) and Toth ($2,283.80).

---

[1] Notably, the bench trial was only three days.

[2] White Cloud's objection with respect to Toth's airfare is overruled.

6

**Costs for Materials**

Witte Wolk seeks fees for copies of exhibits and demonstrative aids in the amount of $2,599.90. White Cloud objects to $2,280.00 in costs attributable to Gervo Graphics and Consulting Corp. This objection is sustained. As White Cloud points out, it appears that this cost is related to the development of a time line that Witte Wolk displayed to the Court during opening and closing statements. The Court concludes that this cost is not taxable because Witte Wolk has not proven that the cost for this demonstrative aid was necessary for this action. Rather, this cost appears to be more akin to a cost incurred for the convenience of counsel, an unrecoverable cost under section 1920. *See Lehman Bros. Holdings v. Hirota,* 2010 WL 3043653, at *4 (M.D. Fla. July 30, 2010). Accordingly, Witte Wolk is awarded costs for materials in the amount of $319.90.

**"Other Costs"**

Witte Wolk seeks "other costs" in the amount of $6,928.19 attributable to Witte Wolk's principals and Witte Wolk's counsels' attendance at mediation, depositions, and hearings. White Cloud objects to these costs because they are not recoverable under section 1920. The Court agrees. Notably, "there is no justification for shifting the burden of travel expense to the Defendants due to the choice of Plaintiff to retain counsel from an area outside of the Middle District of Florida." *Assoc. for Disabled Ams., Inc. v. Integra Resort Mgmt.*, 385 F. Supp. 2d 1272, 1304 (M.D. Fla. 2005); *see also Cobb v. City of Roswell, Ga.*, 987 F. Supp. 2d 1319, 1327 (N.D. Ga. 2013 ) (noting same).

7

## CONCLUSION

In sum, the Court awards Witte Wolk costs in the amount of $13,835.06.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Tax Costs (Dkt. 159) is granted in part and denied in part as explained herein.

2. The Clerk of Court is directed to enter a Bill of Costs in the amount of **$13,835.06** in Plaintiff's favor and against Defendant.

**DONE** and **ORDERED** in Tampa, Florida on January 22, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2012\12-cv-2868 mt-costs-grant in part - 159.wpd